**Bonnie TAYLOR, and Richard Taylor, Plaintiffs,**

v.

**TEMPLE & CUTLER, et al., Defendants.**

No. 96–CV–72933–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 22, 1999.

Brian T. Dailey, David E. Lesz, Farmington Hills, MI, for plaintiff.

Joseph Crystal, Bloomfield Hills, MI, Lawrence R. Donaldson, Detroit, MI, Carol Johnson, Chicago, IL, for defendant.

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY OF CERTAIN DOCUMENTS

BORMAN, District Judge.

### BACKGROUND

This case involves a legal malpractice claim by plaintiffs, Ohio residents Bonnie and Richard Taylor, against defendants, their previous Michigan attorneys Donald Cutler, the law offices of Gordon, Cutler and Hoffman, and Marc Shaberman. Plaintiffs had hired Cutler to represent them in a personal injury matter. Shaberman was employed as an associate by Cutler. This Court has jurisdiction based on the diversity of citizenship of the parties.

This specific Order deals with Plaintiffs request for discovery of documents in the possession of Defendants, their attorneys, and their insurer, the Coregis Insurance Company (Coregis). Defendants have interposed the defenses of attorney-client privilege, work product doctrine, and relevance.

Defendant attorneys had purchased a malpractice insurance policy with Coregis that covered Defendant Cutler, his then law firm Temple & Cutler, and his then-associate Marc Shaberman. Plaintiffs' counsel wrote to defendant Cutler on February 15, 1996 stating an intention to file a malpractice claim against him, and urging him to notify his malpractice carrier—"Please place your insurance carrier on notice of this claim immediately." Cutler did proceed to notify Coregis.

Rather than accept responsibility under its policy, Coregis filed a federal declaratory judgment action on July 11, 1996 seeking a ruling that it was not obligated to provide defendants with coverage and representation on the instant claim. Cutler was required to hire his own attorney, to represent defendants in opposition to Coregis. Thus, at that point in time, there was an adversarial situation between Cutler and Coregis. However, in the total scenario, it must be recognized that this situation was created by Plaintiffs' initial threat of the instant lawsuit.

Coregis asserted in its declaratory judgment action, that prior to January 16, 1996,

the effective date of the policy, Defendants knew or could have reasonably foreseen that their failure to comply with a state court discovery deadline in August 1992, which resulted in the dismissal of the Taylors' case in November 1992, might be expected to be the basis of a claim or suit, which should have been identified as such by Defendants in responding to a question on their application for the Coregis policy. Accordingly, Coregis asserted that it was not responsible under the policy because of that clause, excluding claims arising from errors or omissions occurring prior to the effective date of the policy if the insured knew or could reasonably foreseen that such error or omission might be expected to be the basis of a claim or suit.

On November 12, 1997, U.S. District Judge John Corbett O'Meara rejected Coregis' argument and held that Coregis was liable under the policy, granting defendants' motion for summary judgment, and denying Coregis' cross motion for summary judgment. *Coregis Ins. Co. v. Gordon, Cutler and Hoffman, Donald M. Cutler, and Marc P. Shaberman,* Case # 96–CV–73143–DT (E.D.Mich, Nov. 12, 1997).

> Judge O'Meara concluded that Coregis failed to present any evidence that Defendants knew or could have foreseen that dismissal of the Taylors' case might be expected to be the basis of a claim … *Indeed, Defendants have offered the affidavits of Bonnie and Richard Taylor,* both of whom state, "Prior to February 12, 1996, I was not aware nor have I been informed that I had a legal malpractice case against Donald Cutler, and/or Gordon, Cutler and Hoffman."

*Coregis v. Gordon et al., supra,* Declaratory Judgment Order P.5. (emphasis added).

Thus, Plaintiffs Taylors filed affidavits in support of Defendant attorneys Cutler/Shaberman to keep the "deep pocket" Coregis Insurance Company in Defendants' case, clearly indicating Plaintiffs' understanding that Defendants and Coregis should be allied as Defendants against them in the instant case. Now, Plaintiffs contend that this Court should pick apart that relationship between Defendants and Coregis. Coregis is presently providing legal representation to Defendants pursuant to the terms of the malpractice insurance policy.

Plaintiffs seek discovery of documents created by: (1) Defendants, and sent to Coregis, (2) Defendants/Coregis' counsel, and sent to third parties, and (3) Coregis, and sent to Defendants. All of these documents were created in anticipation of the instant litigation, after Plaintiffs had announced their intention to pursue a malpractice claim against Defendants. Plaintiffs assert that because Coregis, and Defendant attorneys had been adversary parties in the declaratory action, neither can interpose attorney-client privilege or the work product doctrine to prevent discovery of requested documents, created by the parties or their individual attorneys.

Magistrate Judge Morgan heard argument on this matter on June 25, 1998, and thereafter held an *in camera* inspection of the relevant documents. On June 29, 1998, Magistrate Judge Morgan issued an Order Granting in Part Plaintiff's Motion to Compel Document Production. (Appendix A).

Defendant's have filed a timely appeal from Magistrate Judge Morgan's Order; Plaintiff's appeal is not timely, as discussed *infra* at page 12.

## LEGAL DISCUSSION

### 1. Attorney–Client Privilege

■ The principal focus of the attorney client privilege "is on encouraging the client to communicate freely with the lawyer." Epstein, *Attorney–Client Privilege and the Work–Product Doctrine.* ABA SECTION OF LITIGATION, 3d Ed.1997, 287.

■ By encouraging open and honest communications between lawyers and their clients, the attorney-client privilege allows an attorney to be fully informed so that the client may receive sound advice. *See Upjohn v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The attorney-client privilege is established:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his

instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Reed v. Baxter,* 134 F.3d 351, 355–56 (6th Cir.1998), *cert. denied* 525 U.S. 820, 119 S.Ct. 61, 142 L.Ed.2d 48 (1998).

### 2. Work Product Doctrine

■ The principal focus of the work-product protection "is on encouraging careful and thorough preparation by the lawyer." Epstein, *supra* at 287. Accordingly, while the attorney-client privilege extends only to client communications, "the work-product protection encompasses much that has its source outside client communications." Epstein, *supra* at 287.

■ Further, unlike the attorney-client privilege which is absolute, "whether the work-product protection will be afforded depends on both the type of matter being sought and the adversary's need for it." Epstein, *supra* at 288.

■ The Supreme Court first recognized the work-product doctrine protection in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). As a noted treatise states: "Information that is collected in anticipation of litigation or trial is protected from discovery, but that protection may yield to a showing of need on the part of the requesting party." FRIEDENTHAL, KANE & MILLER, CIVIL PROCEDURE (2d Ed.1993).

At the same time, it is important to recognize, and apply to the instant case the Supreme Court's language in *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), reaffirming *Hickman's* protection afforded to work product:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*Nobles* at 422 U.S. at 238–39, 95 S.Ct. 2160 (footnote omitted).

Federal Rule of Civil Procedure 26(b)(3) incorporates in large part the *Hickman* work product doctrine:

> Subject to the provisions of subdivision (b)(4)[1] of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1)[2] of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

By its very terms, FED. R. CIV. P. 26(b)(3), prevents discovery of documents prepared in anticipation of litigation by a party's attorney

---

**1.** FED. R. CIV. P. 26(b)(4) relates to discovery of expert witnesses.

**2.** FED R. CIV. P. 26(b)(1) provides:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

or a party's insurer unless the party seeking discovery satisfies two requirements, substantial need for them, and the inability to obtain the substantial equivalent of them without undue hardship.

### a. *Sixth Circuit Analysis for Applicability of Work Product Doctrine*

■ In *Toledo Edison Co. v. G A Technologies Inc.*, 847 F.2d 335, 339–40 (6th Cir. 1988) the Sixth Circuit established the analysis for a court to determine if the work product doctrine limits discovery:

1. The party requesting discovery must first show that, as defined in Rule 26(b)(1), the materials requested are "relevant to the subject matter involved in the pending litigation" and not privileged. Because the application of subdivision (b)(3) is limited to "documents and tangible things otherwise discoverable under subdivision (b)(1)," the burden of making this showing rests on the party requesting the information . . . .

2. If the party requesting discovery meets this burden and the court finds that the claimed material is relevant and not privileged, the burden shifts to the objecting party to show that the material was "prepared in anticipation of litigation or for trial" by or for that party or that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer or agent. This showing can be made in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories. This showing can be opposed or controverted in the same manner. The determination of this matter is the second sequential determination that must be made by the court.

3. If the objecting party meets its burden as indicated above and the court finds that the material was prepared in anticipation of litigation or for trial by one of the persons named in the rule, the burden shifts back to the requesting party to show that the requesting party (a) has substantial need of the materials in preparation of the party's case, and (b) that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In doing this, attention is directed at alternative means of acquiring the information that are less intrusive to the lawyer's work and whether or not the information might have been furnished in other ways.

4. After the application of the shifting burdens, even if the court determines that the requesting party has substantial need of the materials in the preparation of its case and that the requesting party is not able, without undue hardship, to obtain the substantial equivalent of the materials by other means, the rule flatly states that the court is not to permit discovery of "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation." On this issue, the burden of showing that the nature of the materials are mental impressions, conclusions, opinions or legal theories of an attorney or representative, rests on the objecting party. The term "representative of the party" embraces the same persons as did the term "party's representative" set out earlier in the rule including ". . . consultants . . . agent. . . ."

### b. *Undue Hardship/Substantial Need Test*

■ In *In re International Systems and Controls Corp.*, 693 F.2d 1235 (5th Cir.1982), the Fifth Circuit detailed the undue hardship/substantial need test for overcoming the work product doctrine. The court noted that, in general, discovery of work product will be denied if the information is available through depositions. *See id.* at 1240. The court explained that the party seeking discovery can demonstrate undue hardship if witnesses are not available or cannot recall the events in question. However the court cautioned that "broad or unsubstantiated assertions of unavailability or faulty memory are not sufficient [to demonstrate undue hardship]." *Id.* The court also explained that, in rare instances, expense may be considered in determining undue hardship. *See id.* at 1241. With respect to the "substantial

need for the materials," the court explained that while "some cases have found substantial need by emphasizing the importance of the documents themselves[,] .... the district court should determine if [the knowledge sought] can be discovered without the work product—i.e. by deposition testimony...." *Id.* District courts in the Sixth Circuit have employed this analysis. *See e.g., In re Dayco Corp. Derivative Securities Litigation,* 99 F.R.D. 616 (S.D.Ohio 1983).

### 3. Third Party Insurance claim

The instant case does not involve a first party claim, where an insured seeks to collect for its own loss. "When an insured presents a first party claim, he is asking for payment under the terms of an insurance contract between him and the insurance company, and the insurance company owes him a duty to adjust his claim in good faith. There is no initial contemplation of litigation." *Weitzman v. Blazing Pedals,* 151 F.R.D. 125, 126 (D.Colo.1993).

The instant case involves a third party claim, where an individual files a claim against a second individual who has purchased an insurance policy relating to the subject matter of the claim. The *Weitzman* opinion explained this difference:

> [W]hen a liability insurer investigates a third party claim, the investigation is made in anticipation of claims, which, if denied, likely will lead to litigation. *See Janicker v. George Washington University,* 94 F.R.D. 648, 650 (D.D.C.1982).... For this reason it is logical to conclude that, while files generated in relation to first party claims are made in the ordinary course of business and are discoverable, files generated during the investigation of third party claims are made in anticipation of litigation and are not discoverable.

*Weitzman,* 151 F.R.D. at 126.

### PRELIMINARY CONCLUSIONS

The Court finds that it was Plaintiff's malpractice claim in February, 1996 that initiated the creation of the documents at issue. The declaratory judgment litigation, and the preparation for the instant litigation all began in February 1996. Coregis and Defendants had entered into an insurance contract requiring Coregis to provide Defendant attorneys with representation and protection against losses based upon third party malpractice claims. This contractual obligation of Coregis was reaffirmed by Judge O'Meara.

The protections of the attorney-client privilege and the work product doctrine extend to private communications between Coregis and Defendant attorneys and their counsel, and to documents created in anticipation of *this* litigation, including those created during the adversarial period between Coregis and Cutler.

The Court finds that from the time of Plaintiffs first letter to Defendant Cutler, which mentioned a malpractice claim and directed Defendants to contact their insurance carrier, all of the actions, and the attendant paper trail created by Defendants and Coregis, were done in anticipation of the instant litigation. As the court noted in *Weitzman, supra,* "In a sense, liability insurance is nothing more than litigation insurance." That court, concluded, therefore, that "files generated during the investigation of third party claims are made in anticipation of litigation and are not discoverable." *Id.* at 126.

The Court further notes that discovery in the instant case is continuing. Thus, Plaintiffs have an opportunity to pursue their quest for information through the normal routes of discovery, and need not invade the private work product files of Defendants and Coregis. Plaintiffs have not made out a case of substantial need or undue hardship.

The factual scenario which supports the Court's holding is that on February 15, 1996, Plaintiff's counsel wrote to Defendant Cutler informing him that he represented Bonnie Taylor in a claim against Cutler for legal malpractice. On April 8, 1996, Plaintiff's counsel sent a second communication to Cutler, concluding:

> It is my intent to proceed with a *lawsuit* for legal malpractice. I will only forestall that in the event that I receive word from your *malpractice carrier* as to a genuine desire to enter a settlement dialogue.

(Letter from Plaintiff's counsel, Dailey, to Defendant Cutler, April 8, 1996 at 2.) (emphasis added). Defendant Cutler notified Coregis. Coregis immediately opened up claims files on the Cutler law office. Coregis also began to investigate the facts of Taylor's claims.

When settlement negotiations broke down in mid-1996, plaintiffs filed the instant malpractice action on June 27, 1996. Each document requested by Plaintiff was created after February 1996, the point of time that Plaintiff notified Defendant of its intention to pursue the instant malpractice claim.

Plaintiff's discovery request for documents was referred to Magistrate Judge Virginia Morgan. On June 29, 1998, Magistrate Judge Virginia Morgan issued an Order Granting in Part Plaintiff's Motion to Compel Document Production. The Order, attached as an Exhibit, dealt with her in camera review of 39 documents. Magistrate Judge Morgan ordered the production in whole or in part of eleven documents.

Thereafter, on July 9, 1998 Coregis filed timely objections. Defendant Coregis contends, *inter alia,* that

8. None of the foregoing documents are discoverable. They were prepared in anticipation of litigation and Plaintiffs have failed to show either their substantial need for the material or their inability to obtain the substantial equivalent of the material without undue burden.

9. The Order does not indicate that Plaintiff satisfied either element of the special showing required to obtain work product materials under Rule 26(b)(3).

Coregis Insurance Company's Objections to Discovery Order of Magistrate Morgan Pursuant to Rule 72, July 9, 1998, at 5.

On July 21, 1998, Plaintiff filed a Response to Defendants' Joint Objection to the Order of Discovery Issued by the Magistrate. Specifically, Plaintiffs argue in support of the Magistrate's order for production of the following documents:

Shaberman Claim File #'s 4, 17, 20–22 and 27

Gordon Claim File #'s 33, 45, 46, 49 and 50.

Plaintiff's Response to Defendant's Joint Objection to the Order of Discovery Issued by the Magistrate, July 21, 1998, at 9–10.

Plaintiffs' Response of July 21, 1998, also sought to file objections to the Magistrate's refusal to order discovery of documents "which the Plaintiff Believes are Discoverable." *Id.* at 11–13. The Court declines to address Plaintiffs' assertions with regard to documents not ordered discoverable by the Magistrate Judge because Plaintiffs' objections were not timely under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 72(a) states that objections to a magistrate judge's order must be filed within 10 days after being served with a copy of that order; "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." The Magistrate Judge's Order was filed and mailed to the parties on June 29, 1998. After allowing 3 days for mailing, and excluding weekend days and the July 4th holiday, Plaintiffs' filing date of July 21, 1998 is not timely under the 10 day allowable period.

Defendants Cutler, the Cutler Law Firm, and Shaberman filed timely joint objections on July 8, 1999, to the Magistrate Judge's Order requiring Defendants and their insurer to turn over portions of the Coregis claims file. Defendants contend that "the Magistrate's Order is clearly erroneous, and constitutes an abuse of discretion", and request this Court to overturn the Magistrate Judge's decision. Defendants' Joint Objection to the Order of Discovery Issued by the Magistrate, July 8, 1998, at 8.

Because the basis for federal subject matter jurisdiction is diversity of citizenship, this Court applies Michigan attorney-client privilege law, the law of the forum of the incident. *See National Education Training Group v. Skillsoft Corp.,* 1999 WL 378337, *2 (S.D.N.Y. June 10, 1999).

However, as the district court noted in *Skillsoft,* "[f]ederal law rather than state law governs the scope of the work-product doc-

trine in all actions in federal court." *Id.* at *5. Further, as the *Skillsoft* court noted,

> The work product doctrine is distinct from, and broader than the attorney-client privilege. *See United States v. Nobles,* 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 2170n, 45 L.Ed.2d 141. 11 (1975) ... [T]he work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman,* 134 F.3d 1194, 1196 (2d Cir.1998) (quoting *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947)).

*Skillsoft* at *5.

To come under Rule 26(b)(3) work product protection, Defendants must satisfy three conditions.

First, the material must be a document or tangible thing. That is true in the instant case.

Second, that the documents were prepared in anticipation of litigation. That is true with regard to most of the documents at issue in the instant case.

Finally, the documents must have been prepared by the party or its representative. Rule 26(b)(3) provides that a party's representative can include an attorney, indemnitor, insurer, or agent. That requirement is met with regard to most of the documents at issue in the instant case involving communications between the insured defendants, their counsel, their insurer, and its counsel—all of which occurred in anticipation of litigation by the Plaintiffs.

In making this holding, this Court agrees with the *Skillsoft* discussion of Fed.R. Civ. P. 26(b)(3):

> In contrast to the narrow agency exception for the attorney-client privilege, Rule 26(b)(3) allows for a broader interpretation of who may serve as a party's "representative" and thereby fall within the penumbra of the work product doctrine.

*Id.* *6.

Finally, the Court concludes that Plaintiffs have not established a valid claim of "substantial need" or "undue hardship."

The documents at issue have been designated in the following manner in the privilege log prepared by Defendants' attorneys:

### GORDON, CUTLER CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 33. | 7/1/96 | M. Shaberman | Linda Ahrens<br>R. Johnson | One page cover letter enclosing copy of complaint in legal malpractice action and requesting a defense in indemnification. | Work Product;<br>Relevance |

■ Magistrate Judge Morgan ruled that this document was discoverable:

> Thirty three is a memorandum from Mr. Shaberman to Ms. Johnson—I'm sorry, Ms. Ahern. That's his statement, his admission. I believe that's discoverable, that's not his lawyer. This is Shaberman's statement to somebody, not his lawyer.

Transcript of Discovery Hearing before Magistrate Judge Morgan (Discovery Hearing), June 25, 1998, P.43.

The Court finds the Magistrate Judge's ruling was correct, and concludes that Cutler document # 33 is not protected by the work-product doctrine. It is not an admission, which might be protected but merely a letter written by a client to his insurance carrier, requesting coverage. The document, sent to an insurance agent, does not reveal any matters relating to preparation of the case or other strategy.

## GORDON, CUTLER CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 45. | 4/10/96 | C. Zoleta | D. Cutler<br>Paul Goebel<br>Group | One page letter acknowledging receipt of the claim for insurance coverage. | Work Product;<br>Relevance |

■ The Magistrate Judge ruled that this document was discoverable:

> I think this is discoverable. identifies the claim technician and the claim number. I think this is discoverable. I'm not sure on what basis—work product.
>
> Discovery Hearing P.43.

The Court finds that the Magistrate Judge's ruling was correct. The document merely references receipt of a claim, and is not a document containing substantive information, or prepared in anticipation of litigation in the sense that would receive work product protection under Rule 26(b)(3).

## GORDON, CUTLER CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 46. | 4/19/96 | D. Cutler | L. Vick | Three page letter from insured to insurer discussing circumstances surrounding insured's representation of Taylors in original action. | Attorney- Client Privilege;<br>Work Product |

The Magistrate Judge ruled this three page letter discoverable:

> This is the letter about the underlying facts from Mr. Cutler to the claims technician. The prior statement of Mr. Cutler, so it's discoverable.
>
> Discovery Hearing P.43.

■ The Court concludes that the Magistrate Judge's ruling was in error. This three page letter from a defendant to his insurer who will provide legal representation for him is protected by the attorney-client privilege. In addition, this letter is protected under the work product doctrine in that it was created in anticipation of litigation, discussed mental impressions, and Plaintiff has not established substantial need/undue hardship.

## GORDON, CUTLER CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 49. | 4/20/96 | M. Shaberman | R. Johnson | One page letter from insured to insurer requesting coverage under malpractice insurance policy issued to Gordon, Cutler and summarizing Shaberman's involvement with the Taylors' original action. | Work Product;<br>Attorney–Client Privilege |

■ The Magistrate Judge ruled this letter to be discoverable:

[T]his is another statement by Mr. Shaberman; it's discoverable.

Discovery Hearing, P.43.

The Court concludes that the Magistrate Judge's ruling was correct. It is not protected under the attorney-client privilege. Further, the document is not "another statement by Mr. Shaberman" in which case it might well be protected. But, it is discoverable because it merely references request for coverage for Mr. Shaberman, and sets forth the time of his employment, and is not protected under Rule 26(b)(3).

### GORDON, CUTLER CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 50. | 4/15/96 | D. Cutler | L. Vick | One page letter from insured advising insurer that a malpractice claim has been asserted against Gordon, Culter and Hoffman and Donald Cutler. | Work Product; Attorney–Client Privilege |

■ The Magistrate Judge ruled this letter discoverable:

"[S]tatement by Mr. Cutler, is discoverable."

Discovery Hearing, P.43.

The Court concludes that the Magistrate Judge's ruling was correct. However, the letter is not discoverable because it is a statement by Mr. Cutler. But, there is no protection under the attorney-client privilege or the work product doctrine for this mere "notice" letter.

### SHABERMAN CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 4. | 1/16/98 | J. Crystal | One Addressee's Name Withheld S. Colby | Two page letter from defense counsel to another entity [identity specifically withheld] regarding potential witness(es), and enclosing answers to interrogatories filed by the Taylors and CV of an expert apparently retained by the Taylors. | Work Product |

■ The Magistrate Judge ruled that a portion of this letter was discoverable:

I believe that it is appropriate to give not the letter but the name of the addressee, the name and address of the addressee.

Discovery Hearing, P.40.

The Court finds the Magistrate Judge's ruling to be in error. This letter's addressee's name and address was part of a theory developed by defense counsel and sent to another entity, not a party to the instant case. It directly relates to mental processes and legal theories developed in anticipation of litigation and is therefore protected by the work product doctrine. The revelation of the name and address is comparable to the revelation of the content in this situation.

SHABERMAN CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 17. | 10/30/97 | J. Crystal | One Addressee's Withheld M. Shaberman S. Colby | One page letter from defense counsel to counsel for another entity regarding depositions taken in Taylors' original bodily injury action. | Work Product; Attorney Work Product |

The Magistrate Judge ruled that a portion of this letter was discoverable:

On number 17, disclose the name—the date, the name and address of the addressee.

Discovery Hearing, P.40.

The Court concludes that the Magistrate Judge's ruling was in error. While this letter is not protected by the attorney-client privilege, this letter's name and address was developed by defense counsel, and reveals mental processes and legal theories developed in anticipation of litigation, and is therefore protected by the work product doctrine as in Shaberman document # 4.

SHABERMAN CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 20. | 9/17/97 | J. Crystal | Two Addressees' Names Withheld S. Colby M. Shaberman | Three page letter from defense counsel to representative of entity [name specifically withheld] regarding informal efforts to obtain discoverable information from that entity. | Work Product; Attorney Work Product |

The Magistrate Judge ruled this document, and documents 21, 22 and 27 discoverable in part:

Twenty, 21, 22, 27, identifying information of the addressee's date of the letter but not the substance; you may redact the substance.

Discovery Hearing, P.41.

The Court concludes that the Magistrate Judge's ruling was in error. While this letter is not protected under the attorney-client privilege, the name of this letter's addressee relates to the mental process or strategy of defendant's lawyer in anticipation of litigation and is therefore protected from discovery under the work product doctrine.

SHABERMAN CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 21. | 9/17/97 | J. Crystal | Two Addressees' Names Withheld S. Colby M. Shaberman | Three page letter from defense counsel to representative of entity [name specifically withheld] regarding informal efforts to obtain discoverable information from that entity. | Work Product; Attorney Work Product |

The Court finds the Magistrate Judge's ruling ordering the production of the addressee to be in error for the same reasons set forth regarding Shaberman document # 20.

### SHABERMAN CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 22. | 9/17/97 | J. Crystal | One Addressees' Name Withheld S. Colby M. Shaberman | Three page letter from defense counsel to entity [name specifically withheld] regarding informal efforts to obtain discoverable information from that entity. | Work Product; Attorney Work Product |

The Court finds the Magistrate Judge's ruling ordering the production of the addressee to be in error for the same reasons set forth regarding Shaberman document # 20.

### SHABERMAN CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 27. | 8/19/97 | J. Crystal | One Addressees' Name Withheld M. Shaberman S. Colby | Two page letter from defense counsel to counsel for another entity [identity specifically withheld] regarding request for discovery on an informal basis. | Work Product; Attorney Work Product |

The Court finds the Magistrate Judge's ruling ordering the production of the addressee to be in error for the same reasons set forth regarding Shaberman document # 20.

### SHABERMAN CLAIM FILE

| Doc. No. | Date | Author(s) | Recipient(s) | Description | Privilege/Objection |
|---|---|---|---|---|---|
| 53. | Various | E. Lesniak | File | Summaries of various telephone conversations with the insured, coverage counsel. Also contains analysis of coverage issues. | Work Product |

■ The Magistrate Judge ruled that a portion of this document was discoverable: [L]ines 1 through 16 are discoverable on the entry dated 8–19–96. This is Mr. Shaberman's statement to the claims representative; not covered by the attorney/client privilege. So lines 1 through 16, and the remaining portion of the document may be redacted.

Discovery Hearing P.41.

The Court finds the Magistrate Judge's ruling to be in error. This is protected by the attorney-client privilege, as a direct statement from the insured to his lawyer-hiring insurer, and should be treated as a statement from a client to his attorney, describing the basis of his involvement in the underlying litigation. In addition, insofar as the insurer was serving as a conduit for the counsel in anticipation of this litigation, the

statement is protected under the work product doctrine. Plaintiff has already deposed the insured, and there is no justifiable claim of substantial need or undue hardship.

### CONCLUSION

To summarize, the Court has ruled:

Cutler documents:

| | |
|---|---|
| # 33 | Not Protected |
| # 45 | Not Protected |
| # 46 | Protected |
| # 49 | Not Protected |
| # 50 | Not Protected |

Shaberman documents:

| | |
|---|---|
| # 4 | Protected |
| # 17 | Protected |
| # 20 | Protected |
| # 21 | Protected |
| # 22 | Protected |
| # 27 | Protected |
| # 53 | Protected |

SO ORDERED.

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION

MORGAN, United States Magistrate Judge.

This matter is before the court on Plaintiff's Motion to Compel Documents Requested from Non–Party Coregis Insurance Company. The motion was filed on May 8, 1998. Responses were filed by all defendants as well as non-party Coregis. Oral argument was heard in this matter on June 25, 1998. Thereafter, an *in camera* inspection was held in chambers. The magistrate judge having been apprised by way of the parties briefs and oral argument, placed her determinations and reasons therefor on the record. Specifically, the court examined each document individually and determined whether it was (1) protected by the attorney-client privilege, (2) protected by the work product doctrine, (3) discoverable as redacted, (4) previously provided, and/or (5) not relevant as unlikely to lead to the discovery of admissible evidence.

Accordingly, **IT IS HEREBY ORDERED** that non-party Coregis respond to Plaintiff's Motion to Compel as follows:

As to Document No. 4 in the Shaberman Claim File:

Discoverable as redacted. Produce the letter as redacted to include only the date, name and address of addressee by July 2, 1998.

As to Document No. 11 in the Shaberman Claim File:

Not discoverable.

As to Document Nos. 17, 20, 21, 22 and 27 in the Shaberman Claim File:

Discoverable as redacted. Produce the letter as redacted to include only the date, name and address of addressee by July 2, 1998.

As to Document Nos. 28, 30, 40, 41, 45, 51 in the Shaberman Claim File:

Not discoverable.

As to Document No. 53 in the Shaberman Claim File:

Discoverable as redacted. The first sixteen lines of the entry dated 8/19/96 must be produced by July 2, 1998.

As to Document Nos. 55, 56 and 57 in the Shaberman Claim File:

Not discoverable.

As to Document Nos. 13, 17, 18, 27, 28, 31 in the Gordon, Cutler Claim File:

Not discoverable.

As to Document Nos. 33, 45 and 46 in the Gordon, Cutler Claim File:

Discoverable, produce by July 2, 1998.

As to Document Nos. 47 and 48 in the Gordon, Cutler Claim File:

Not discoverable.

As to Document Nos. 49 and 50 in the Gordon, Cutler Claim File:

Discoverable, produce by July 2, 1998.

As to Document Nos. 51, 52 and 53 in the Gordon, Cutler Claim File:

Not discoverable.

As to Document No. 75 in the Gordon, Cutler Claim File:

Draft of letter not discoverable. However, non-party Coregis must produce to plaintiff the final copy of this document as submitted to Judge O'Meara, if not already present in the court file in that case.

As to Document Nos. 90, 94, 95, 104 and 111 in the Gordon, Cutler Claim File:

Not discoverable.

Dated: June 29, 1998